IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA MAE MICHELE DAIGLE,<br><br>  Petitioner,<br><br>vs.<br><br>WALTER MILLER, Warden,<br><br>  Respondent. | No. C 12-4270 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Petitioner is a California prisoner proceeding pro se, and she has filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. She has paid the filing fee. Respondent is ordered to show cause why the petition should not be granted.

**BACKGROUND**

In 2010, a jury in Santa Clara County Superior Court convicted Petitioner of second-degree robbery. Based on this convictions and sentencing enhancements, the trial court sentenced her to a term of 11 years in state prison. Petitioner's appeals to the California Court of Appeal and the Supreme Court of California were denied in 2010 and 2011 respectively.

**DISCUSSION**

I   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

As grounds for federal habeas relief, Petitioner claims: (1) that there was insufficient evidence that she had knowledge that a crime was convicted; (2) that there was insufficient evidence to support an aiding and abetting theory of liability; and (3) the prosecutor failed to prove her guilt beyond a reasonable doubt. The claims are sufficient to require a response from Respondent. It appears that there may be substantial overlap between the third claim and Petitioner's other two claims. Respondent may address the third claim separately or in conjunction with the first two claims.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **eighty-four (84)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based upon the claims in the petition. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

4. Respondent may, within **eighty-four (84) days**, file a motion to dismiss on

2

procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 23, 2012

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ELLA MAE DAIGLE,

        Plaintiff,

  v.

WALTER MILLER et al,

        Defendant.

                                     /

Case Number: CV12-04270 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ella Mae Michele Daigle
WA3794
P.O. Box 92
Chowchilla, CA 93610

Dated: October 23, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk